### Charles Coney *v.* The State.

1. Indictment—Duplicity.—The proper time to except to an indictment, on account of duplicity, is before verdict.
2. Same—Aggravated Assault.—An indictment for aggravated assault, based on the 9th subdivision of Article 2150, Paschal's Digest, was not bad for duplicity, because it unnecessarily alleged that the means used was a deadly weapon.
3. Facts held sufficient to sustain a conviction for aggravated assault, committed with premeditated design, and by means of a glass tumbler.

Appeal from the District Court of Williamson. Tried below before the Hon. E. P. Turner.

The indictment was found in Travis county, where the parties lived, and where one trial was had, which resulted in a conviction ; but, on appeal to the supreme court, the conviction was set aside (43 Texas, 414), and the accused then obtained a change of venue to Williamson county.

The accused and Brechiani, the assaulted party, each kept bar-rooms in that section of the city of Austin known as Mexico.

Brechiani testified that, about four o'clock in the afternoon of February 2, 1874, he went to his bar-room, and there found Coney and another man called Lewis. They had been drinking beer, and had disposed of nine glasses of that beverage, according to the bar-keeper's count. After witness came in, Coney raised a fuss with the bar-keeper, but witness quieted the difficulty. Coney then called for more beer, which was set out to him and his friend, Lewis, to the number of nine more glasses. Coney then asked how much beer he owed for, and witness told him eighteen glasses. Coney then cursed witness in four different languages— Italian, French, Mexican, and English. Witness told him he would give him the beer if he did not want to pay for it. After cursing and abusing witness, Coney said he would kill him, and took from the counter, with his right hand, one of the beer-tumblers, partly filled with beer, at the same time drawing a derringer pistol with his other hand, and saying, " G—d d—n you, I will kill you," threw the tumbler across the counter at witness, and struck him on the left cheek, cutting it to the bone, and knocking out one of witness' jaw-teeth, breaking the glass itself, filling witness' eyes with blood and beer, and knocking him back against the counter. Witness immediately jerked his six-shooting pistol from under his counter and commenced firing promiscuously, and Coney and his companion left.

Mitchell Faulkner, another witness for the state, gave much the same account of the row as that given by

Brechiani ; and the premeditation of the assault was established by Rosa Mariana, whose testimony is given in the opinion.

*Terrell & Walker*, for the appellant.    The indictment undertakes to charge two grounds of aggravation :   1st,. the assault was with " premeditated design ;" and, 2d, with " a certain deadly weapon, to wit, a glass beer-tumbler, a means calculated to inflict great bodily injury."

By reference to Article 2150, Paschal's Digest, it will be seen that a premeditated assault, to become aggravated, must be committed by the use of means calculated to inflict great bodily injury ; and an assault committed by the use of means calculated to inflict great bodily injury is not *ipso facto* an aggravated assault, but only so where there exists also premeditation.    *Pinson* v. *The State*, 23 Texas, 582.

An assault does not become aggravated because of the weapon used, unless it be a deadly weapon, and a " glass beer-tumbler" does not come within the meaning of " deadly weapons," which is generally understood to be an instrument to be used for offensive or defensive combat.

The statement of facts does not disclose any evidence of premeditation whatever, and the conviction cannot be sustained on that ground ; and, without premeditation, an assault with means calculated to inflict great bodily injury is not aggravated.    23 Texas, 582.

Subdivision 7 of Article 2150 makes an assault aggravated when " serious bodily injury is inflicted on the party assaulted."

The indictment in this case does not charge the defendant with having inflicted such injury, and evidence of an injury inflicted will not support a conviction on other grounds of aggravation alleged in the indictment, but of which there is no proof.

Had the jury assessed the fine at $100, and made no men-

tion of imprisonment, it might have been presumed that they had intended to affix the highest punishment for simple assault, but the imprisonment shows they intended to convict for aggravated assault, and in this we think there was error.

In conclusion we submit that the case should be reversed because—

1st. There is no proof of premeditation, as charged in the indictment.

2d. Without premeditation, an assault with "means calculated to inflict great bodily injury" is not aggravated.

3d. There is no allegation in the indictment to support proof of "serious bodily injury." And,

4th. The evidence does not show a greater injury than might have been inflicted by a blow from the fist, which would make it only a simple assault and battery.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

ECTOR, P. J. The indictment charges "that Charles Coney and one Lewis (whose name other than Lewis is to the grand jury unknown), in said county and state, on the second day of February, in the year of our Lord eighteen hundred and seventy-four, did then and there unlawfully, in and upon the body of one Louis Brechiani, an Italian (whose name other than Louis Brechiani to the grand jury is unknown), commit an aggravated assault; that they, the said Coney and said Lewis, did then and there, unlawfully and with premeditated design, with a certain deadly weapon, to wit, a glass beer-tumbler, a means calculated to inflict great bodily injury, then and there held in their hands, assault, beat, strike, bruise, and wound him, the said Brechiani, in the face of him the said Brechiani, with the intent on the part of said Coney and

said Lewis then and there to injure him, the said Brechiani, against the peace and dignity of the state. R. M. Johnson, foreman of the grand jury."

On the motion of the district attorney, a *nolle prosequi* was entered as to the defendant Lewis.

There was no exception taken to the indictment in the district court. The appellant, Charles Coney, was convicted of an aggravated assault. The verdict of the jury is as follows: "We, the jury, find the defendant guilty of an aggravated assault, and assess a fine of one hundred dollars, and imprisonment in the county jail for three (3) months. J. L. Brittain, foreman." The appellant made a motion for new trial, which was overruled.

The counsel for appellant, for the first time in this court, in their able and ingenious brief, raise an objection to the indictment, that it undertakes to charge two grounds of aggravation in the same count. 1st, that the assault was made with " premeditated design;" and, 2d, with " a certain deadly weapon, to wit, a glass beer-tumbler, a means calculated to inflict great bodily injury."

The proper time to take advantage of an indictment, for duplicity, is before the verdict. In this country it has been often held that an objection to an indictment, that charges which might have been the subject of distinct indictments are included in one count, comes too late after a verdict. 1 Whart. Cr. Law, 6th ed., sec. 359.

Mr. Archbold, writing of the English practice, says: " In civil actions the usual mode of objecting to pleadings, for duplicity, is by special demurrer; it is cured by general demurrer, or by the defendant's pleading over. In criminal cases the defendant may object to it by special demurrer, perhaps also upon general demurrer; or the court, in general, upon application, will quash the indictment. But it is extremely doubtful whether it can be made a motion in arrest of judgment or of writ of error; and it is cured by a

verdict of guilty as to the one of the offenses, and not guilty as to the other.'' Archb. Cr. Pl. & Ev., 13th Lond. ed., 54.

Mr. Bishop says: "In matter of principle, duplicity would seem to be a defect of such mere form as ought to be deemed cured by the verdict; because the objection is one which relates simply to the convenience of the defendant in making his defense, while by not taking the objection he seems to have suffered no inconvenience, and therefore to have waived it." 1 Bishop's Cr. Proc., sec. 443.

Under our Code, if the duplicity was such as to produce uncertainty of, and confusion as to, what was intended to be charged, it might be a good ground of an exception to an indictment.

This indictment was drawn under subdivision 9 of Article 2150, Paschal's Digest. If the defendant, in the lower court, had moved to quash the indictment in this case because it charged in one count that the assault was committed under two of the circumstances or subdivisions named in Article 2150 of Paschal's Digest, the objection ought to have been overruled by the district judge.

The charge of the court confined the jury in their investigation to an assault committed under the 9th subdivision of said Article 2150. The indictment fills the full measure in charging an aggravated assault, "committed with premeditated design, and by the use of means calculated to inflict great bodily injury." It fully apprised the defendant of the charge against him. It states more than is necessary to constitute the offense of an aggravated assault, without charging that the glass beer-tumbler, with which it was made, "is a deadly weapon." It is evident that the pleader intended to allege only one offense against the appellant, covering one and the same transaction, and the particularity with which it was set out would only the better aid the defendant to plead a previous conviction or

acquittal of the same offense, should it afterwards become necessary.

We believe that the evidence shows, 1st, that the assault was "committed with premeditated design;" and, 2d, that it was committed "by the use of means calculated to inflict great bodily injury." The proof shows that the assault was committed by the appellant on Louis Brechiani, at the time and place mentioned in the indictment. Rosa Mariana testified "that, on February 2, 1874, in the evening, about six or seven o'clock, Charley Coney told her to get his pistol; that he intended to kill Brechiani. This was after the difficulty with Brechiani. He then had a small pistol. I heard Coney say that day, before the difficulty, that he intended to kill Brechiani."

The testimony in the record further shows that, on the same evening, the appellant made a most unprovoked assault on Brechiani; that, after cursing and abusing him, he drew a pistol out of his coat pocket with his left hand, and, at the same time, he threw a glass beer-tumbler, partly filled with beer, at the head of Brechiani, striking him a violent blow on his cheek-bone, knocking out one of his jaw-teeth, lacerating the flesh, and that Brechiani's left eye was soon closed from swelling caused by the blow. We only speak of the injury thus inflicted as affording evidence sufficient to satisfy us that the assault was committed as charged in the indictment.

We find no error in the charge of the court, and nothing in the record that requires a reversal of the judgment.

The judgment of the district court is, therefore, affirmed.

*Affirmed.*